**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA
and COMMODITY FUTURES TRADING
COMMISSION,

Plaintiffs,

v.

STATE OF NEW MEXICO and RAÚL TORREZ,
in his official capacity as New Mexico Attorney
General,

Defendants.

**Case No. 1:26-cv-01912-KG-JFR**

**DEFENDANTS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants State of New Mexico and Attorney General Raúl Torrez respond to Plaintiff's notice of supplemental authority for *United States v. Illinois*. *See* No. 26-cv-03659, 2026 WL 2969682 (N.D. Ill. Oct. 2, 2026).

The court acknowledged that "[t]he Seventh Circuit has already held that the [CEA] does not expressly preempt state law . . . [n]or does the Act preempt the field." *Id*. at 8-9. Thus, it only addressed conflict preemption and expressly limited its decision to a discrete subset of sports-event contracts—those "dependent on who will win or lose a title game[.]" *Id*. at 8, 9, 11. The court found this narrow subset of "title contracts" likely met the definition of swap based on an extremely broad interpretation of "event" to include both the results of title games and their contingencies, and the phrase "potential financial consequence" to mean any "articulable" association. *Id.* at 9-13. We disagree. ECF 29 at 10-11. However, plaintiffs conceded they offer sports-event contracts "that

lack sufficiently concrete and material consequences to qualify as a swap" even under the statute's broadest possible reading. *Illinois*, at 13.

The court held "title contracts" are bets, *id.* at 2, 3, 10, 17, and gambling is "an area of traditional state police power," *id*. at 15, but found it persuasive that broadcasters, sponsors, and, troublingly, players themselves could use title contracts to "bet against their own revenue" just "like the financier who hedges against the risk of mortgage default." *Id*. at 16. We disagree. ECF 24 at 19-20. The court interpreted Seventh Circuit precedent which is not binding on this Court and has been distinguished by other federal courts, *see* ECF 24 at 16-17, and acknowledged that Kalshi may "impermissibly" list sports-event contracts that involve gaming, *Illinois*, at 22, but failed to consider that the Special Rule does not define the contours of CFTC's jurisdiction, it is a backstop to prohibit repackaging bets as event contracts. ECF 29 at 11-12. The court's limited analysis of "title contracts" does not address Kalshi's full swath of sports-event contracts and its decision departs from the growing consensus of federal courts.

Dated: October 9, 2026

Respectfully Submitted
**RAÚL TORREZ**
**ATTORNEY GENERAL OF NEW MEXICO**
By: */s/ Mark Noferi*
Mark Noferi
Senior Litigation Counsel
Olivia den Dulk
Assistant Attorney General
Impact Litigation Division
**NEW MEXICO DEPARTMENT OF JUSTICE**
408 Galisteo Street
Santa Fe, NM 87501
(505) 640-2891
mnoferi@nmdoj.gov
odendulk@nmdoj.gov

**KEEGAN RICHARDSON SOLIMON & WEST LLP**
Justin J. Solimon
Kelli J. Keegan
Jesse D. Heibel
Kayla J. Jankowski
7424 4th Street NW
Los Ranchos de Albuquerque, NM 87107
(505) 842-6124
jsolimon@indiancountrylaw.com
kkeegan@indiancountrylaw.com
jheibel@indiancountrylaw.com
kjankowski@indiancountrylaw.com

*Counsel for Defendants New Mexico and Attorney General Raúl Torrez*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2026, I filed the foregoing via the CM/ECF filing system, which caused all counsel of record to be served by electronic means.

*/s/ Mark Noferi*
Mark Noferi