**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA
and COMMODITY FUTURES TRADING
COMMISSION,

Plaintiffs,

v.

STATE OF NEW MEXICO and RAÚL TORREZ,
in his official capacity as New Mexico Attorney
General,

Defendants.

**Case No. 1:26-cv-01912-KG-JFR**

**DEFENDANTS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants State of New Mexico and Attorney General Raúl Torrez respond to CFTC's notice of supplemental authority for its Notice of Proposed Rulemaking ("NPRM") (ECF 44). Respectfully, the NPRM has no persuasive or evidentiary value on the pending motions (ECF 13, 22).

An NPRM has no legal effect. *Cf.* ECF 23 at 16 n. 9, ECF 24 at 10 n. 15. It is "simply a proposal" that an agency may adopt or withdraw upon further consideration. *Long Is. Care at Home, Ltd. v. Coke*, 551 U.S. 158, 175 (2007). It "may not occur as anticipated, or indeed may not occur at all." *Trump v. California*, 609 U.S. ----, 2026 WL 2473573, at *4 (Aug. 24, 2026) (citation omitted). Indeed, in 2026, the CFTC withdrew a contrary 2024 NPRM in connection with events contracts. *See* https://www.cftc.gov/PressRoom/PressReleases/9179-26.

Moreover, even if and when the NPRM is promulgated, it would not withstand scrutiny because, *inter alia*, expanding the definition of "swaps" to include transactions that lack the characteristics required by the CEA's statutory definition exceeds the agency's statutory authority. The NPRM's alleged formalistic distinctions between sportsbooks and sports event contracts are meritless, *inter alia*, because they have no connection to the CEA's text, purpose and history. ECF 23 at 17-22, ECF 24 at 7-17, 18-23, ECF 29 at 2-3, 7-12; *see also, e.g., KalshiEX, LLC v. Assad*, 2026 WL 2543846, at *11 (9th Cir. Aug. 28, 2026) (such distinctions lack "any connection to the statutory definition of 'swap'"). CFTC's implausible interpretation remains that Congress, in enacting Dodd-Frank, impliedly repealed other federal statutes that touch on sports betting, such as the Wire Act. ECF 23 at 20-21, ECF 24 at 14. If CFTC argues the NPRM *alters* the CEA's preemptive effect, that only exacerbates CFTC's major questions problems. ECF 23 at 22-23; ECF 24 at 17-18; ECF 29 at 3, 12.

Ultimately, if sports event contracts look, walk, and quack like sports betting, they are sports betting. ECF 23 at 6, ECF 25-1, ¶ 4, ECF 29 at 8 n. 6.

Dated: October 26, 2026

Respectfully Submitted,

**RAÚL TORREZ**
**ATTORNEY GENERAL OF NEW MEXICO**
By: */s/ Mark Noferi*
Mark Noferi
Senior Litigation Counsel
Olivia den Dulk
Assistant Attorney General
Impact Litigation Division
**NEW MEXICO DEPARTMENT OF JUSTICE**
408 Galisteo Street
Santa Fe, NM 87501
(505) 640-2891

mnoferi@nmdoj.gov
odendulk@nmdoj.gov

**KEEGAN RICHARDSON SOLIMON & WEST LLP**
Justin J. Solimon
Kelli J. Keegan
Jesse D. Heibel
Kayla J. Jankowski
7424 4th Street NW
Los Ranchos de Albuquerque, NM 87107
(505) 842-6123
jsolimon@indiancountrylaw.com
kkeegan@indiancountrylaw.com
jheibel@indiancountrylaw.com
kjankowski@indiancountrylaw.com

*Counsel for Defendants New Mexico and Attorney General Raúl Torrez*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 26, 2026, I filed the foregoing via the CM/ECF filing system, which caused all counsel of record to be served by electronic means.

*<u>/s/ Mark Noferi</u>*
Mark Noferi